## MANHATTAN LEASING CO. v. SCHLEICHER.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

LANDLORD AND TENANT (§ 173*)—CONSTRUCTIVE EVICTION.

> The misconduct of the elevator man in an apartment house, in throwing water on the 11 year old nephew of a tenant's wife and in applying to the wife an insulting epithet in the altercation which ensued, does not amount to a constructive eviction, authorizing the cancellation of the lease, on reporting the incident to the landlord's superintendent, though the landlord must use care in the selection of the servants, and, if necessary to the future enjoyment of the tenant, discharge a servant guilty of misconduct.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 705–707; Dec. Dig. § 173.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Manhattan Leasing Company against George Schleicher. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Diamond & Abrahams, of New York City (Milton Diamond, of New York City, of counsel), for appellant.

Michael R. Matteo, of New York City (Leo Rosenberg, of New York City, of counsel), for respondent.

PAGE, J. The action was for rent. The defense, constructive eviction. The defendant was a tenant in one of plaintiff's apartment houses. The nephew of defendant's wife, about 11 years of age, was visiting his aunt, and the elevator man threw water upon the boy, whereupon an altercation ensued between the elevator man and defendant's wife, in which it is claimed the elevator man applied an insulting epithet to her. The same day she reported the incident to plaintiff's superintendent, and two days thereafter removed.

If a constructive eviction, authorizing the cancellation of a lease, could be predicated upon such a scanty foundation, the signing of leases would be a useless formality. While we recognize that the tenant should be protected from insult, and that it is the duty of the landlord to use care in the selection of his servants, and if one transcends the proprieties, if necessary to the future enjoyment of the tenant, to discharge him and employ another, he must be given a reasonable opportunity to do so. We do not feel warranted in adding a limitation on an estate in land dependent upon an elevator boy keeping control of his temper under provocation.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.