(83 Misc. Rep. 5.)

PURCELL v. LEON.

(Supreme Court, Appellate Term, First Department.   December 4, 1913.)

LANDLORD AND TENANT (§ 172*) — CONSTRUCTIVE EVICTION — MISCONDUCT OF JANITOR.

> Where plaintiff's janitor, while intoxicated, annoyed the wife of a tenant by forcing his way into defendant's apartment and using loud and threatening language, and plaintiff ratified the janitor's act by continuing him in her employment, such act constituted a constructive eviction.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 695–703; Dec. Dig. § 172.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Ellen Purcell against Maurice Leon.   From a judgment in favor of plaintiff, defendant appeals.   Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Maurice Leon, of New York City, for appellant.

Beekman, Menken & Griscom, of New York City (Stephen P. Anderton and G. Stanley Shirk, both of New York City, of counsel), for respondent.

BIJUR, J.   This action was brought for rent of an apartment for a month, covered by a lease between plaintiff and defendant.   Defendant claimed a constructive eviction, and it was not denied that he had vacated the premises before the beginning of the month.

The only question raised on this appeal is whether the facts constitute constructive eviction.   It may be said that there is no dispute as to the facts, so far as they are presented on this appeal.   Defendant's proof consisted of the introduction in evidence of the complaint, minutes, and record of the conviction of plaintiff's janitor, in a magistrate's court, on the ground of disorderly conduct; defendant's wife being the complaining witness, and the charge being that the janitor, while intoxicated, annoyed defendant's wife by forcing his way into defendant's apartment and using loud and threatening language.   On this charge the janitor was convicted and fined $10.   Although the introduction of this testimony was objected to, it is not necessary to pass upon the value of the form of the objection taken to the introduction of this evidence, because for the purposes of this appeal it must be treated as a part of the record.

At the close of the trial it was conceded that the janitor's "conduct was upheld by the plaintiff, and that she still retains him in her employ as superintendent and engineer or janitor of this apartment house."   In support of his claim that there was no constructive eviction, plaintiff's counsel quotes from the opinion of Page, J., in Manhattan Leasing Co. v. Schleicher (Sup.) 142 N. Y. Supp. 545.   He

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

omits, however, the one sentence which renders the decision pertinent to the case at bar, as follows:

"While we recognize that the tenant should be protected from insult, and that it is the duty of the landlord to use care in the selection of his servants, and if one transcends the proprieties, if necessary to the future enjoyment of the tenant, to discharge him and employ another, he must be given a reasonable opportunity to do so."

It appears to us that if the janitor conducted himself toward defendant's wife in the manner shown by the record, and the plaintiff, as landlord, sustained him in this attitude and continued him in her employ, the defendant was constructively evicted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.